ALD-115                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4120
_____

GERALD LEE FISHER,
                                              Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-01618)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: February 14, 2017)
_____

OPINION*
_____

PER CURIAM

     Gerald Lee Fisher appeals the District Court's order dismissing his complaint as

frivolous.  For the reasons below, we will dismiss the appeal as frivolous.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In his complaint, Fisher alleged that an attorney from the Department of Justice sent him a letter requesting that they speak briefly before a case management conference regarding another District Court case Fisher was litigating. Fisher contended that this letter violated his Fourth Amendment right to be left alone by the Government as well as his rights to substantive and procedural due process. He asserted that the attorney's actions caused him emotional distress.

The District Court determined that an allegation of harm from litigating a lawsuit Fisher brought himself did not allege a cause of action, and it would be futile to allow him to amend his complaint. The District Court noted that by filing a lawsuit, Fisher had subjected himself to the rules of procedure and practice of the District Court. One of these rules, Fed. R. Civ. P. 26(f), requires the parties to confer before a scheduling conference. The District Court dismissed the complaint as frivolous.

Because Fisher is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), we must dismiss an appeal if the appeal is frivolous or malicious. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that Fisher's complaint was frivolous. It also failed to state a claim. On appeal, Fisher argues that he had a Fourth Amendment right to be left alone by the Government. However, the Fourth Amendment protects, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects,

2

against unreasonable searches and seizures." The letter from the Government did not violate the Fourth Amendment. By sending the letter, the attorney did not search or seize anything of Fisher's. Moreover, as pointed out by the District Court, it was Fisher himself who initiated contact with the Government by bringing the other lawsuit.

Fisher also argues that the letter violated his right to procedural and substantive due process. In order to state a claim of the violation of the right to procedural due process, a litigant must allege that the Government deprived him of a protected interest in life, liberty, or property and the deprivation occurred without due process. Burns v. Pa. Dep't. of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Fisher has not shown that he has been deprived of a protected interest. While Fisher asserts that the alleged harm caused by the letter was foreseeable based on his medical issues, we see nothing in the language of the letter quoted by Fisher that would cause harm. Fisher alleged that the attorney wrote that he would like to "speak to [Fisher] briefly about [his] case prior to the initial case management conference and imposition of a discovery schedule." We note that Fisher continued to litigate the other District Court case despite his allegation that receipt of the letter caused him emotional distress.

In order to state a claim of a violation of his right to substantive due process, Fisher needed to allege conduct that shocks the conscience. Cty of Sacramento v. Lewis, 523 U.S. 833, 847-49 (1998). He has not done so.

For the above reasons, we will dismiss the appeal as frivolous.

3